STARR *v.* SUCKERT.

1. BOUNDARIES—ACQUIESCENCE.
   Acquiescence in a boundary line and the maintenance of a fence thereon for a period of 50 years fixed the boundary line.[1]

2. APPEAL AND ERROR—FAILURE TO PLEAD ESTOPPEL—AMENDMENT IN SUPREME COURT TO SAVE JUDGMENT.
   Where in ejectment the record shows acquiescence in a boundary line by plaintiff and her predecessor in title for more than 50 years, and a judgment was properly directed for defendant, but the record does not show that such defense by way of estoppel was set up in the court below, if notice of said defense is necessary under Circuit Court Rule No. 23, § 2, the Supreme Court, under the statute of amendments, will permit an amendment to save the judgment.[2]

Error to Oakland; Gillespie (Glenn C.), J. Submitted April 21, 1926. (Docket No. 167.) Decided June 7, 1926.

Ejectment by Ella E. Starr against Matilda K. Suckert. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*John R. Rood,* for appellant.

*George B. Hartrick,* for appellee.

FELLOWS, J.    Over 50 years ago one Orson Starr died seized and possessed of lands in Royal Oak township, Oakland county. He had two sons, David and Almond. The lands were divided between them. David took a strip which was supposed to be 28 rods wide off the east side of the property, and Almond a

---

[1]Boundaries, 9 C. J. § 199; [2]Appeal and Error, 4 C. J. § 2640.

strip which was supposed to be 28 rods wide off the west side. A fence was erected between the two strips; it has been maintained in more or less efficiency since. David was the father of plaintiff and she claims by succession from him. Defendant claims title from Almond through successive conveyances. Plaintiff testified that her father always built the back half of the fence, and some years ago she appealed to the highway commissioner of the township to compel defendant's predecessor in title to build the front half which he did some time after this complaint. The old fence was then considerably out of repair and would not stop stock, and plaintiff says she wanted the new fence built "for convenience." Much is made of this expression of plaintiff's, but as we view the case, the rights of the parties had become fixed many years before the rebuilding of this fence and this expression of plaintiff, if it is more than a conclusion, did not change them. Plaintiff caused a survey to be made and her surveyor testified that the line fixed by the fence encroached on plaintiff 1.4 feet. The old county surveyor who had many years of experience says it is the correct line. The trial court directed a verdict for defendant, and we are asked to reverse the judgment entered thereon.

In *Hanlon* v. *Ten Hove, ante,* 227, we disposed of a case in all substantial essentials identical with this case so far as the legal questions involved are concerned. We need not repeat what was there said. Upon the authority of that case it must be held that the boundary line was fixed in this case between the parcels of land by the acquiescence of David and Almond and their successors in title covering a period of a half century and that the plaintiff's testimony made out defendant's case. In addition to the authorities there cited, see *Joyce* v. *Williams,* 26 Mich. 332, which will be found applicable to the facts of this case.

Plaintiff's counsel here insists that such defense is by way of estoppel and as estoppel was not set up in the notice it is not available under Circuit Court Rule No. 23, § 2.    It is quite doubtful if this record shows that this question was urged in the court below. But under the statute of amendments we may permit an amendment to the pleadings to save a judgment and we should exercise such power in the instant case if necessary.

The judgment must be affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.